ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL IV

| CONSEJO DE TITULARES DEL CONDOMINIO VEREDAS DE SALINAS, ATTENURE HOLDINGS TRUST 9 Y HRH PROPERTY HOLDINGS, LLC<br><br>Parte Recurrida<br><br>v.<br><br>ONE ALLIANCE INSURANCE CORPORATION<br><br>Parte Recurrente | KLCE202301340 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Salinas<br><br>Civil Núm.: SA2019CV00294<br><br>Sobre: Incumplimiento de Contrato, Seguros-Incumplimiento Aseguradoras Huracanes Irma/María |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Juez Grana Martínez y el Juez Rodríguez Flores.

Rodríguez Flores, juez ponente.

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 5 de febrero de 2024.

La parte peticionaria, One Alliance Insurance Corporation (en adelante One Alliance o parte peticionaria), solicita que revoquemos la *Resolución* emitida el 1 de noviembre de 2023, notificada en igual fecha, por el Tribunal de Primera Instancia, Sala de Salinas. Mediante el referido dictamen, el foro primario, en reconsideración, ordenó a One Alliance nombrar un (1) solo tasador para el procedimiento de valorización *(appraisal)* ante la Oficina del Comisionado de Seguros (en adelante OCS).

Examinada la solicitud de One Alliance, así como la *Oposición a "Petición de* Certiorari*"*, presentada por la parte recurrida, resolvemos denegar la expedición del auto de *certiorari*.

I.

El 4 de septiembre de 2019, la parte recurrida, compuesta por el Consejo de Titulares del Condominio Veredas de Salinas, Attenure

Número Identificador
RES2024_____

Holdings Trust 9 y HRH Property Holding LLC (en adelante Consejo de Titulares o parte recurrida), instó una demanda sobre incumplimiento de contrato de seguros por reclamación relacionada al Huracán María en contra de One Alliance.

Mediante Sentencia emitida el 7 de octubre de 2022, notificada en igual fecha, el foro primario declaró con lugar la solicitud del Consejo de Titulares para referir la controversia al procedimiento de *appraisal*, conforme la Ley Núm. 242-2018. A tenor de ello, decretó la paralización de los procedimientos en el foro de instancia y ordenó el archivo del caso sin perjuicio y reservó jurisdicción "para considerar y resolver cualquier disputa de derecho que quede pendiente luego de concluirse el Procedimiento de Appraisal.[1]

Luego de varios trámites procesales, el 23 de agosto de 2023, la parte recurrida presentó ante el TPI *Urgente Solicitud De Orden Con Relación A Tasadores Nombrados Por One Alliance.*[2] En esta informó que el 1 de agosto de 2023, presentaron ante la Oficina del Comisionado de Seguros ("OCS") el formulario *Request for Appraisal Proceedings* para comenzar el proceso de *appraisal*, conforme exige la Ley Núm. 242-2018. En dicha notificación informaron que la tasadora o *appraiser* de los Asegurados sería la Sra. Lizzette Santiago. Alegó que, el 16 de agosto de 2023, One Alliance anunció como tasadores al Lcdo. Jaime Mayol Bianchi y a Dyrek Engineering Services, Inc., el cual incluía tres (3) tasadores adicionales. Sostuvo que nombrar cuatro tasadores incumplía con el propósito de la Ley 242-2018, supra, y que permitir que las partes nombren un sin número de tasadores en el proceso de *appraisal*, tendría el efecto de complicar el proceso y frustrar el propósito por el cual se creó. Por ello, solicitó no se permitiera a One Alliance informar más de un

---

[1] Véase, Apéndice del recurso, págs. 1-7.
[2] Íd., págs. 13-54.

tasador para el procedimiento de *appraisal*.[3] One Alliance se opuso a lo solicitado por el Consejo de Titulares.[4] En adición, aludió a una comunicación de la OCS del 18 de agosto de 2022 en el caso *Consejo de Titulares Miradores del Yunque v. One Alliance Insurance Co., FA2019CV01105.* En la comunicación emitida en dicho caso, la Comisionada Auxiliar María Marín concluyó que el nombramiento de dos (2) tasadores por parte del asegurador no representa un incumplimiento con la CN2019-248-D, debido a que de la carta normativa no se desprende que se limite la cantidad de tasadores por cada una de las partes. En dicha misiva, la Comisionada Auxiliar especifica que "al momento de la decisión en cuanto a la determinación del informe del árbitro, solo contará como uno (1) la representación de cada una de las partes".[5]

El 22 de septiembre de 2023, declaró sin lugar la solicitud del Consejo de Titulares.[6] Inconforme, el Consejo de Titualres presentó *Moción de Reconsideración.* El TPI reconsideró su dictamen y emitió la *Resolución* recurrida. En esta, el foro primario ordenó a One Alliance nombrar un (1) solo tasador para el proceso de *appraisal,* prohibió que se nombrara tasador al Lcdo. Jaime Mayol Bianchi y que, de nombrar como tasador a Dyrek Engineer, debía especificar cuál de los empleados sería el único que fungirá como tasador.

Insatisfecho, One Alliance acude ante este foro este foro apelativo y formuló los siguientes señalamientos de error:

1. ERRÓ EL TPI AL ADJUDICAR, SIN JURISDICCIÓN PARA ELLO, UNA CONTROVESIA RELACIONADA A LA INTERPRETACIÓN DE LA CARTA NORMATIVA 2019-248-D SUSCITADA EN EL PROCEDIMIENTO ADMINISTRATIVO DE "APPRAISAL" QUE NO HA CULMINADO Y ESTÁ VENTILÁNDOSE ANTE LA OCS.

---

[3] El Consejo de Titulares solicitó además que no se nombrara al Lic. Jaime Mayol Bianchi como tasador por éste ser abogado de One Alliance ante los tribunales en otros casos relacionados a incumplimiento de contrato de aseguradora por el Huracán María.

[4] *Íd*, págs. 55-64.

[5] *Íd.*

[6] Véase, *Resolución* del 22 de septiembre de 2023, apéndice del recurso, págs. 65-66.

2. ERRÓ EL TPI AL NO OTORGAR LA DEFERENCIA Y RESPETO QUE MERECE LA OFICINA DE LA COMISIONADA AXULIAR DE SEGUROS, SEGÚN SU DETERMINACIÓN DEL 18 DE AGOSTO DE 2022; EN AUSENCIA DE ERROR EN APLICACIÓN DE LA LEY Y/O ACTUACIÓN ARBITRARIA, IRRAZONABLE O ILEGAL DE LA OCS EL TPI NO DEBIÓ PASAR POR ALTO UNA DETERMINACIÓN EITIDA POR DICHA AGENCIA ADMINISTRATIVA.

3. ERRÓ EL TPI AL PROHIBIR AL LCDO. JAIME MAYOL BIANCHI COMO TASADOR DEL ASEGURADOR ONE ALLIANCE POR SER ALEGADAMENTE ESTE REPRESENTANTE LEGAL DE ONE ALLIANCE.

El 11 de diciembre de 2023, la parte recurrida presentó *Oposición a "Petición de Certiorari".* En síntesis, alega que el foro primario no erró ni abusó de su discreción al adjudicar en los méritos la controversia planteada, y que conforme provee la Ley Núm. 242-2018, supra, y la Carta Normativa CN-219-248-D, no existe impedimento legal para que el TPI pueda atender en sus méritos las controversias de derecho que surjan en el procedimiento de *appraisal.*

II.

El auto de *certiorari* es el vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones interlocutorias realizadas por un foro inferior. La expedición del auto descansa en la sana discreción del tribunal.[7]

En los casos civiles, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en las que procede que este Tribunal de Apelaciones expida el recurso de *certiorari.*[8] La citada Regla establece que el recurso sólo se expedirá cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo. Por excepción, y en el ejercicio

---

[7] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[8] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

discrecional del foro apelativo, se podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra,* al denegar la expedición de un recurso de *certiorari,* el Tribunal de Apelaciones no tiene que fundamentar su decisión.

Por otro lado, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, señala los criterios que debemos tomar en consideración al evaluar si debemos expedir un auto de *certiorari.* Estos criterios son:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ello impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[9] Por tanto, de no estar

---

[9] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado.

III.

En su recurso, One Alliance alega que el foro primario incidió en los siguientes tres asuntos: al adjudicar una controversia surgida en el proceso de *Appraisal* ante la OCS, no otorgar deferencia a la comunicación de la Comisionada Auxiliar correspondiente al caso FA2019CV01105, la cual considera es de alto valor persuasivo para el caso ante nuestra consideración y no permitir que el Lcdo. Mayol Bianchi fungiera como tasador de One Alliance.

En apretada síntesis lo que One Alliance pretendía era que se le permitiera más de un tasador que los representara como parte del proceso de *Appraisal* y que un de esos tasadores fuera el Lcdo. Mayol Bianchi.

Ante la controversia, el TPI en el ejercicio de su discreción y mediante Resolución en Reconsideración solo permitió un (1) solo tasador para cada parte, como representante ante el árbitro. También prohibió al Lcdo. Mayol Bianchi que participara del procedimiento de *Appraisal*, el cual es uno confidencial y privilegiado. Este carácter confidencial y privilegiado está recogido en la Carta Normativa CN-2019-248-D, de 20 de marzo de 2019. Dicha normativa también establece que la información o documentación producto del proceso de *Appraisal* no puede ser requerida en procesos judiciales o administrativos, entre otras prohibiciones[10]. Por lo anterior, resulta razonable la denegatoria al Lcdo. Mayol Bianchi, ya que éste es abogado litigante que representa a One Alliance.

En resumen, la parte peticionaria no presentó argumentos que demostraran que, al emitir su determinación, el TPI actuó de

---

[10] Índice del Apéndice página 49.

forma arbitraria o caprichosa, o en abuso de su discreción o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho. Lo anterior, al amparo de la Ley Núm. 242-2018, 26 LPRA sec. 1119 y de la Carta Normativa CN-2019-248-D de 20 de marzo de 2019.

En fin, al evaluar la petición de *certiorari*, concluimos que el asunto no está contemplado en los supuestos sujetos a revisión de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, y tampoco cumple con ninguno de los criterios de la Regla 40 del Reglamento de este Tribunal, 4 LPRA Ap. XXII-B, R. 40.

Ante dicho escenario, nos abstenemos de intervenir con el dictamen recurrido.

IV.

Por lo anteriormente expuesto, se deniega la expedición del auto de *certiorari*.

**Notifíquese inmediatamente.**

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones. La Jueza Grana Martínez concurre con voto escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

| CONSEJO DE TITULARES DEL CONDOMINIO VEREDAS DE SALINAS, ATTENURE HOLDINGS TRUST 9 Y HRN PROPERTY HOLDINGS, LLC<br><br>Recurrida<br><br>V.<br><br>ONE ALLIANCE INSURANCE CORPORATION<br><br>Peticionario | KLCE202301340 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Salinas<br><br>Caso Núm.: SA2019CV00294<br><br>Sobre: INCUMPLIMIENTO DE CONTRATO, SEGUROS - INCUMPLIMIENTO ASEGURADORAS HURACANES IRMA/MARÍA |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores.

**VOTO CONCURRENTE DE LA JUEZA GRANA MARTÍNEZ**

Attorneys have been deemed competent to act as appraisers, though they cannot act as attorney for the party hiring them. J. Wilkofsky, *The Law and Procedure of Insurance Appraisal*, 3d edition, New York, Ditmas Park Legal Publishing, pág. 380. Para determinar si procede la descalificación de un tasador, no es necesario establecer fraude propiamente o predisposición por parte de este, es suficiente con establecer meramente la impresión de prejuicio. *Íd.*, pág. 385.

Como cuestión de umbral, ante todo recurso de certiorari, hemos de evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V. Esta dispone que; el recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal

de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Es decir, la Regla 52.1 de Procedimiento Civil dispone taxativamente, los asuntos que podrán provocar nuestra revisión de una determinación interlocutoria. Como norma general, no se favorece la revisión de asuntos interlocutorios por representar un inconveniente para el desenvolvimiento lógico y funcional del proceso, pues se interrumpe la marcha ordenada del proceso litigioso. *Medina Nazario v. McNeil Healthcare LLC,* 194 DPR 723, 730 (2016).

La resolución cuestionada no es una bajo las Reglas 56 y 57 de Procedimiento Civil, *supra,* o la denegatoria de una moción de carácter dispositivo, sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, o casos de relaciones de familia. Tampoco considero que reviste interés público o no atenderla representaría un fracaso irremediable de la justicia. Por el contrario, la resolución recurrida es una determinación interlocutoria dentro de un proceso estatutario adoptado para agilizar las reclamaciones de seguros, lo que abona a mi conclusión de que no debemos intervenir con el mismo. Por lo que, sin más, denegaría.

En San Juan, Puerto Rico, a 5 de febrero de 2024.

Grace M. Grana Martínez
Jueza del Tribunal de Apelaciones